(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Roland C. Anderson

_____

(Name of Plaintiff or Plaintiffs)

06 - 669

v.    **CIVIL ACTION NO.** _____

General motors

_____

(Name of Defendant or Defendants)

2006 OCT 30  PM 3:43

FILED U.S. DISTRICT COURT DISTRICT OF DELAWARE

## COMPLAINT

1.  This action is brought pursuant to Tile VII of Civil Rights Act of 1964
    (Federal statute on which action is based)

for discrimination related to Race (Black) jurisdiction exists by virtue of
    (In what area did discrimination occur? e.g. race, sex, religion)

_____

(Federal statute on which jurisdiction is based)

2.  Plaintiff resides at Roland C. Anderson 113 Lloyd Stk.
    (Street Address)

Wil,  N/C Del,  19804
(City)   (County)   (State)   (Zip Code)

(302) 994-0914
(Area Code)  (Phone Number)

3.  Defendant resides at, or its business is located at General motor 901 Boxwood Rd,
    (Street Address)

Wil,  N/C  Del,  19804
(City)   (County)   (State)   (Zip Code)

4.  The alleged discriminatory acts occurred on 19 , 12 , 2005
    (Day)   (Month)   (Year)

5.  The alleged discriminatory practice ☒ is ☐ is not continuing.



6.    Plaintiff(s) filed charges with the <u>EEOC/ (DEL – Wilm., Del) also in Philadelphia</u>
                                        (Agency)

<u>District office.  The Boarse 21 S. Fifth Street, Ste. 400, Philadelphia, PA  19106          </u>,
            (Street Address)          (City)      (County)      (State)      (Zip)

regarding defendant(s) alleged discriminatory conduct on: ____<u>December 19, 2005</u>____.

7.    Attach decision of the agency which investigated the charges referred in
      paragraph 6 above.

8.    Was an appeal taken from the agency's decision?  Yes ☒    No ☐
      If yes, to whom was the appeal taken?  <u>Mrs. Julie Klein Cutler (DOL)</u>

9.    The discriminatory acts alleged in this suit concern:  (Describe facts on additional
      sheets if necessary).


<u>Charging party claims that respondent's information during an EEOC investigation has</u>
<u>revealed further adverse action in the form of retaliation because the information G.M.</u>
<u>has listed med as a temporary employee (in which it is false).  During a legal proceeding,</u>
<u>Dave Buel  G.M. EEOC representative gave an affidavit stating I was an hourly worker</u>
<u>and under agreement acquired certain seniority rights under the previous bargaining</u>
<u>agreement.  (To this Court) From the Records of G.M.   See copy charge from (DOL)</u>
<u>attached.  Ex. A.</u>


10.   Defendant's conduct is discriminatory with respect to the following:

      A. ☒  Plaintiff's race

      B. ☐  Plaintiff's color

      C. ☐  Plaintiff's sex

      D. ☐  Plaintiff's religion

      E. ☐  Plaintiff's national origin


$\left( \overline{A} \right)$

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

Job - BAck - BAck PAy

for PAin Suffering

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: Oct 2, 06

Roland C. Anderson

(Signature of Plaintiff)

(7)

Roland C. Anderson
113 Lloyd Str.
Wil. Del. 19804



Office of The Clerk
United States District Court
844 N. King Street, Lock Box 18
Wil. Del. 19801-3570

U.S.M.S.
X-RAY

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Roland Anderson
113 Lloyd St.
Wilmington, DE 19804

From: Philadelphia District Office - 530
21 South 5th Street
Suite 400
Philadelphia, PA 19106

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2006-00275 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosure(s)

**Marie M. Tomasso,**
**District Director**

August 12, 2006
(Date Mailed)

cc: David Johnston
EEO Consultant
BASHEN CONSULTING
1616 South Voss, Suite 300
Houston, TX 77057



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## *PRIVACY ACT STATEMENT*

Dear Charging Party:

1.    Please be advised that the information you have provided comes under the provisions of the Privacy Act of 1974, Public Law 93-579.

2.    The authority for requesting the personal information contained herein are provided in 42 U.S.C. 2000e(9), 29 U.S.C. 201, 29 U.S.C. 621; and 19 Del. C. § 712(c).

3.    The principal purpose of obtaining this information is to complete the Charge of Discrimination which will be verified by the Charging Party and served upon the Respondent. In some instances, witnesses' sworn statements may become relevant to determining the Charge of Discrimination.

4.    These forms are used to initiate and investigate the Charge of Discrimination under the laws and to impeach or substantiate a witness's testimony.

5.    Completion of the Verified Charge of Discrimination form is mandatory to initiate and process a Charge of Discrimination. Providing additional information on the verification form is optional. Failure to provide additional information has no effect on Department of Labor's ability to file and process the Charge of Discrimination.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**Delaware Department of Labor**

**ENTER CHARGE NUMBER**

☐ **FEPA** 060200960W
☐ **EEOC** 17CA000275

and **EEOC** (if applicable)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms)<br>Roland Anderson | **HOME TELEPHONE NO.** (Include Area Code)<br>(302) 994-0914 |

| STREET ADDRESS<br>113 Lloyd Street   Wilmington DE 19804   NCC | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (*If more than one, list below.*)

| NAME<br>General Motors Corporation | NO. OF EMPLOYEES OR<br>MEMBERS 100+ | TELEPHONE NUMBER (Incl. Area Code)<br>(713) 780-8056 |
|---|---|---|

| STREET ADDRESS                    CITY, STATE AND ZIP CODE |
|---|
| 1616 S. Voss, 10th Floor, Houston, TX 77057 ATT:  Elmer C. Jackson, III, General Director, GM Employment Relations Center of Expertise |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|

| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE<br><br>☒ RETALIATION   ☐ DISABILITY   ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>**EARLIEST**   6/1/1982<br>**LATEST**   12/19/2005<br>☒ CONTINUING ACTION |
|---|---|

**THE PARTICULARS ARE (if additional space is needed, attached extra sheet(s):**

Jurisdiction: Charging Party was employed with Respondent as a Body Shop/Production Technician since 1982 in Wilmington, DE, ending 10/82.

Charging Party's protected class: Retaliation

Adverse employment action: Terms and Conditions; Benefits

Brief statement of allegations: Charging Party alleges that R retaliated against him because of negative statements made regarding his job status during an EEOC investigation. Consequently, Charging Party claims that Respondent falsely stated that he was a temporary employee instead of a permanent employee which has affected his union benefits. Charging Party claims that he was laid off as an hourly employee and Respondent hired white workers without contacting him first. Thereafter, Charging Party filed a racial discrimination charge which resulted in false information given to EEOC about his job status as a temporary worker. Ultimately, Charging Party claims that this is further evidence that Respondent's information is a form of retaliation because it affect his current benefit status.

Respondent's explanation: Charging Party claims that Respondent has not given a reasonable explanation for placing him as a temporary worker after an investigation, while he previous worked as a hourly worker under a previous agreement.

Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended; DE Discrimination in Employment Act

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party claims that Respondent's information during an EEOC investigation has revealed further adverse action in the form of retaliation because the information has negatively affected his union benefit status. Charging Party claims that during a legal preceeding, Dave Boyle, Respondent's EEOC Representative gave an affadavit that Charging Party was an hourly worker and under agreement acquired certain seniority rights under the previous collective bargaining agreement..

Additional information and verification of these facts are provided by the attached Verification.

| ☒ | I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT<br>*Roland C. Anderson*   2-14-06<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|---|

*EXB* *Att R d* *EXB*

Probs I Have my
Sanitory era .
( adref. complain )
blood-recall

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,        )
                            )
            Plaintiff,      )
                            )
        v.                  )    C.A. No. 92-335-SLR
                            )
GENERAL MOTORS, BOXWOOD     )
ROAD, WILMINGTON, DELAWARE  )
19804,                      )
                            )
            Defendant.      )

### AFFIDAVIT OF DAVID I. BULL

STATE OF DELAWARE      )
                       ) SS:
COUNTY OF NEW CASTLE   )

On this _16th_ day of September 1992 personally appeared before

me the undersigned Notary Public, David I. Bull, who did depose and say:

1.    I am an employee of General Motors Corporation at its Boxwood

Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal

Employment Opportunity and, as such, I have investigated the subject matter of the

Complaint filed by Roland C. Anderson in the above-captioned civil action and the

same matter when it was before the Equal Employment Opportunity Commission. I am

authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2.    The records of General Motors show that Plaintiff was employed

as an hourly worker from August 31 to September 21, 1981, when he was laid off.

During this period of time, he acquired no seniority rights, because he was not

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment) but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3.      G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4.      Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5.      G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6.    I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C.  Attached is a copy of that response.

7.    G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

David I. Bull

Sworn to and subscribed before me the day and year first above written.

Constance L. McDonman Mantone
Notary Public
My Commission Expires: Nov., 1993

-3-

*The U.S. Equal Employment Opportunity Commission*

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an **adverse action** against a **covered individual** because he or she engaged in a **protected activity**. These three terms are described below.

### Adverse Action

An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:

- employment actions such as termination, refusal to hire, and denial of promotion,

- other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, and

- any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.

Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.

Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.

Of course, employees are not excused from continuing to perform their jobs or follow their

## Need more information?

The law:

- Title VII of the Civil Rights Act

The regulations:

- 29 C.F.R Part 1604.11

Enforcement guidances and policy documents:

- EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)
- EEOC Compliance Manual, Section 2, Threshold Issues (May 12, 2000)

## You may also be interested in:

- How to File a Charge of Employment Discrimination
- Mediation at EEOC
- Training and Outreach
- Information for Small Employers

company's legitimate workplace rules just because they have filed a complaint with the EEOC or opposed discrimination.

For more information about adverse actions, see EEOC's Compliance Manual Section 8, Chapter II, Part D.

## Covered Individuals

Covered individuals are people who have opposed unlawful practices, participated in proceedings, or requested accommodations related to employment discrimination based on race, color, sex, religion, national origin, age, or disability. Individuals who have a close association with someone who has engaged in such protected activity also are covered individuals. For example, it is illegal to terminate an employee because his spouse participated in employment discrimination litigation.

Individuals who have brought attention to violations of law other than employment discrimination are NOT covered individuals for purposes of anti-discrimination retaliation laws. For example,"whistleblowers" who raise ethical, financial, or other concerns unrelated to employment discrimination are not protected by the EEOC enforced laws.

## Protected Activity

Protected activity includes:

### Opposition to a practice believed to be unlawful discrimination

Opposition is informing an employer that you believe that he/she is engaging in prohibited discrimination. Opposition is protected from retaliation as long as it is based on a reasonable, good-faith belief that the complained of practice violates anti-discrimination law; and the manner of the opposition is reasonable.

Examples of protected opposition include:

- Complaining to anyone about alleged discrimination against oneself or others;
- Threatening to file a charge of discrimination;
- Picketing in opposition to discrimination; or
- Refusing to obey an order reasonably believed to be discriminatory.

Examples of activities that are NOT protected opposition include:

- Actions that interfere with job performance so as to render the employee ineffective; or
- Unlawful activities such as acts or threats of violence.

### Participation in an employment discrimination proceeding.

Participation means taking part in an employment discrimination proceeding. Participation is protected activity even if the proceeding involved claims that ultimately were found to be invalid. Examples of participation include:

- Filing a charge of employment discrimination;
- Cooperating with an internal investigation of alleged discriminatory practices; or

- Serving as a witness in an EEO investigation or litigation.

A protected activity can also include requesting a reasonable accommodation based on religion or disability.

For more information about Protected Activities, see EEOC's Compliance Manual, Section 8, Chapter II, Part B - Opposition and Part C - Participation.

# Statistics

In Fiscal Year 2004, EEOC received 22,740 charges of retaliation discrimination based on all statutes enforced by EEOC. The EEOC resolved 24,751 retaliation charges in 2004, more than were filed during the course of the Fiscal Year, and recovered more than $90 million in monetary benefits for charging parties and other aggrieved individuals (not including monetary benefits obtained through litigation).

---

*This page was last modified on July 19, 2005.*



Return to Home Page



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

February 22, 2006

Personnel Manager
**General Motors Corporation**
1616 S. Voss Road, 10th Floor
Houston, TX 77057

RE:    **Anderson v. General Motors Corporation, Case No: 06020096W/17CA600275**

Dear Respondent:

Enclosed please find a **NOTICE OF CHARGE OF DISCRIMINATION**, along with the following documents:

    1.    Verified Charge of Discrimination filed against the above-named Respondent;
    2.    Mediation questionnaire;
    3.    Copy of 19 Del. Code § 712 (c), describing the administrative process.

Pursuant to 19 Del. Code § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option you must check the appropriate provision of the enclosed Invitation to Engage in Mediation form and return it to us in lieu of your answer.**

This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

| | | |
|---|---|---|
| ☒ Title VII | ☒ DE Discrimination in Employment Act |
| ☐ ADA | ☐ DE Handicapped Persons Employment Protection Act |
| ☐ ADEA | |

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

*Julie Cutler*

Julie Klein Cutler, Administrator,
Discrimination Program

cc: Charging Party (w/o enclosures)

DOL Form B-10W : 01/06



*EEO Solutions for the Proactive Employer*

# Bashen
## CONSULTING

# POSITION STATEMENT

March 27, 2006

Thomas J. Smith
Delaware Department of Labor
4425 North Market Street
Wilmington, Delaware 19802

| Re: | **Charging Party** | : | **Roland Anderson** |
|---|---|---|---|
| | **Respondent** | : | **General Motors Corporation** |
| | **DDL Charge No.** | : | **06020096W** |

Dear Mr. Smith:

The respondent respectfully requests that the Delaware Department of Labor dismiss the above referenced *Charge* because it was not filed in a timely manner, and because there has been no employer/employee relationship during the relevant period. The *Charge* was filed on February 14, 2006. However, the respondent has taken no employment action with respect to Mr. Anderson since January 4, 1983 (Exhibit 1: *Roland Anderson Employment History*).

A *Charge* must be filed with the Delaware Department of Labor within 120 days from the date of the alleged violation. Contrary to the *Charge* allegations, no action was taken by the respondent on December 19, 2005, with respect to Mr. Anderson. Mr. Anderson was laid of by the respondent on October 1, 1982, and his seniority status, which remains unchanged, was determined as of January 4, 1983 (Exhibit 2: *National Agreement between the respondent and the UAW, pp. 41-42*). Mr. Anderson filed the *Charge* 23 years and 41 days after the last date on which a violation could have occurred. Mr. Anderson has not been employed by the respondent since that time.

Mr. Anderson's *Charge* is time-barred and should be summarily dismissed. Thank you for your cooperation in this matter. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

David Johnston
EEO Consultant

Exhibits attached



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

September 8, 2005

Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re: Anderson v. General Motors
     EEOC Charge Number 170-2005-01768

Dear Mr. Anderson:

The information and evidence submitted by all parties regarding the above referenced charge has been reviewed. In order for the Commission to issue a determination that there is reasonable cause to believe that you were discriminated against, the record of evidence would have to support a conclusion that the Respondent took this into account in its actions. The information submitted by all parties does not indicate that there is a likelihood that continued investigation would result in obtaining evidence which would lead to a finding of a violation.

You allege that you were denied an application in March 2005, but learned approximately one month later, through various individuals, that Respondent filled some vacancies. You believe you were not given an application in retaliation for previous charge filing (170-1991-01375, 170-2000-01320, 17C-2004-00615 and 170-2003-00027), and because of your race, black and age, 52. In addition to these allegations, you believe you were denied benefits that you were entitled to because Respondent listed you as "terminated" and not "laid off" after working for Respondent previously.

Respondent agrees that you were an employee during the following periods: August 31, 1981, to September 21, 1981, and again from June 25, 1982 to October 1, 1982. According to the Collective Bargaining Agreement you did not reach a status of an employee, but remained listed as a temporary employee because:

"...employees shall be regarded as temporary employees until their names have been placed on the seniority list." Further, "Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired."

Since you did not work within a period of six continuous months, you did not qualify as an employee with seniority but listed as a temporary employee. Therefore you do not have access to any accumulated benefits.

(9)

Regarding your hiring issue, Respondent states that no workers have been hired at that site since October 1999, indicating that there were no job opportunities at the time of your inquiry in March 2005.

This is to inform you that it will be recommended that the EEOC dismiss the charge. If the charge is dismissed, the Commission will issue a decision stating that it is unable to conclude that the information obtained establishes a violation of the statute. The decision would not certify that the Respondent is in compliance with the statute. The Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want to pursue this matter further.

Sincerely,

Dianna I. Schley
Federal Investigator



## **POSITION STATEMENT**

Mr. Thomas J. Smith
Delaware Dept. of Labor
4425 N. Market Street
Wilmington, DE 19802

### RE: **Charging party - Respondent to General Motors Corporation**
### **Roland C. Anderson vs. General Motors Corporation**

Dear Mr. Smith:

As you know it was G.M.'s given a statement to EEOC on another claim which si**LL** pending in the district Court.

After that investigation, it was revealed, copy attached, I am alleging that R*e*s*pondent* Retaliated against me because of negative statements made regarding my job status during an EEOC investigation. I am claiming that Respondent (G.M.) falsely stated that I was a temporary employee instead of a permanent employee which has affected my union benefits. I was laid off as an hourly employee and Respondent hired white workers without contacting me first. Thereafter, I filed a racial discrimination charge which resulted in false information given to EEOC about my job status, as a temporary worker, information given from G.M. (see letter attached).

Respondent has not given a reasonable explanation for placing me as a temporary worker after an investigation from EEOC for another case.

While I worked there as hourly worker under a previous contract with G.M. union. (See letter from ℬ𝒰ll to Judge of the District Court). never mentioned that I was a temporary worker, (see letter Dave Bull) and please compare.

It was revealed under the EEOC investigation of another charge.

The law is clear, equitably toll.

(1)    Where the defendant has actively mislead the Plaintiff: the Plaintiff's course of action; see-Smith Homie vs. District of Columbia, 155F, 3d575, 579 (Fed. Cir. 1988). In the third circuit there are three principal circumstances under which a statue of limitation can be equitably tolled. The other two are:

(2)    Where the Plaintiff in some extraordinary way has been prevented from his or her rights or asserting.

(3)    Where the Plaintiff has timely has time asserted his or her rights.

Mr. Thomas J. Smith
Page 2

Oliver vs. Levin Fishburn Sedran, E Berman, 38F.3d1380, 1387 (3d cir 1994 (Citing sett. District of Allentown vs. Marshall, 65 f.2d 16, 19-20 (3d cir 1981).

Hybrid Action under Section 301(A) of the LMRA, The Statue of Limitations can be equitably tolled

§Chapple vs. National Starch and Chemical Co. and Oil. 178F. 3d 501, 505 (7th cir. 1999), Cook vs. Columbian Chemical Co. 997 F.2d 1239 (8th cir. 1993).

So therefore, I am entitled to relief from the Statue of Limitation under section 301(A) of LMRA, as well.

Thank you,

*Roland C. Anderson*

Roland C. Anderson
113 Lloyd Street
Wilmington, DE 19804
302-994-0914

cc: David Johnson (EEOC, Consultant)
ACLU
Human Relations Dept.
U.S. Dept. of Justice, Washington, DC
Civil Rights Dept.
Attorney Gary Able, Attorney at Law

ANNABELLE T. LOCKHART
DIRECTOR
Civil Rights Center

Date
2-28-06

(22)



*EEO Solutions for the Proactive Employer*

# Bashen
## CONSULTING

# POSITION STATEMENT

August 1, 2005

Rita Epperson
Supervisory Investigator
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, Pennsylvania 19106

| RE: | Charging Party | : | **Roland Anderson** |
| | Respondent | : | **General Motors Corporation** |
| | EEOC Charge No. | : | **170-2005-01768** |

Dear Ms. Epperson:

The respondent submits its Position Statement and respectfully denies Roland Anderson's race and age discrimination and retaliation allegations. It is impossible that Mr. Anderson was denied an application for discriminatory reasons because the respondent has not hired workers since October 1999.

## COMPANY OVERVIEW

The respondent, General Motors Corporation, is an automotive corporation and full-line vehicle manufacturer. The respondent employs a number of individuals in excess of the minimum jurisdictional requirements under state and federal employment laws.

The respondent's designated representative is Bashen Consulting, 1616 S. Voss, Suite 300, Houston, Texas 77057, telephone (713) 780-8056, facsimile (713) 780-8206. Willie Demouchette is the consultant assigned to this case.

**Position Statement**
*Roland Anderson v. General Motors Corporation*
**EEOC Charge No.: 253-2005-01672**
**Page 2**

## HISTORY

On August 31, 1981, Mr. Anderson was hired as a temporary employee in the respondent's Wilmington Plant. On September 21, 1981, Mr. Anderson was laid-off. Mr. Anderson was rehired on June, 25, 1982, as a temporary employee and subsequently laid-off on October 1, 1982 (Exhibit 1: *Roland Anderson Employment History*). Pursuant to the United Auto Workers ("UAW") National Agreement, employees shall be regarded as temporary employees until their names have been placed on the seniority list. Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired (Exhibit 2: *GM/UAW Agreement*). Mr. Anderson never worked six continuous months and was listed as "unable to acquire seniority." Therefore, he never acquired benefits according to the Agreement.

On or after March 2005, the plant was not accepting applications for employment. There is no evidence that Mr. Anderson "tried" to apply for a job at the plant. Neither employees nor potential applicants were notified the plant was hiring. The plant has not hired workers since October 1999.

## CONCLUSION

Mr. Anderson's *Charge* is wholly without merit. The plant has not hired workers since October 1999, which completely negates Mr. Anderson's *Charge*.

Accordingly, the respondent respectfully requests that the *Charge* be dismissed on a finding that no discrimination occurred. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Willie Demouchette
EEO Consultant
Attachments:
Exhibits 1-2

# Your New Benefit Amount

0:1:01

**BENEFICIARY'S NAME:**

ROLAND C ANDERSON

Your Social Security benefits will increase by 4.1 percent in 2006, because of a rise in the cost of living. You can use this letter when you need proof of your benefit amount to receive food stamps, rent subsidies, energy assistance, bank loans, or for other business.

## How Much Will I Get And When?

- Your new monthly amount (before deductions) is                                          $1,122.00
  The amount we are deducting for Medicare is                                                $0.00
  (If you did not have Medicare as of Nov. 20, 2005,
  or if someone else pays your premium, we show $0.00.)
- The amount we are deducting for voluntary federal tax withholding is          $0.00
  (If you did not elect voluntary federal tax withholding as of
  Nov. 20, 2005, we show $0.00.)
- After taking any other deductions, we will deposit                                       $1,122.00
  into your bank account on  Jan. 3, 2006.
  If you disagree with any of these amounts, you should write to us within 60 days from the date you receive this letter.

## What If I Have Questions?

We invite you to visit our website at *www.socialsecurity.gov* on the Internet to find general information about Social Security. You also can call us at **1-800-772-1213** and speak to a representative from 7 a.m. until 7 p.m. on business days. If you have a touch-tone phone, recorded information and services are available 24 hours a day. Our lines are busiest early in the week and early in the month so, if your business can wait, it is best to call at other times. If you are deaf or hard of hearing, you may call our TTY number, **1-800-325-0778**. If you are outside the United States, you can contact any U.S. embassy or consulate office, or the Veterans Affairs Regional Office in Manila. Please have your full nine-digit Social Security claim number available when you call or visit and include it on any letter you send to the Social Security Administration. If you are inside the United States, you also can visit your local office.

SUITE 200
920 W BASIN ROAD
NEW CASTLE DE

BNC#: 05B1869A53007

Over ▶

# aspire®

🖐 For Customer Service Information, see the
Cardholder Services section below.

✏ For billing errors, and other information about
your card, see reverse side.

## Account Summary

| | |
|---|---|
| Account Number | 4791 0600 1346 6031 |
| Closing Date | NOVEMBER 21, 2005 |
| Total Credit Line | $0.00 |
| Available Credit | $0.00 |
| Payment Due Date | DECEMBER 16, 2005 |
| Minimum Payment | $18.00 |

| | |
|---|---|
| Previous Balance | $594.75 |
| Payments & Credits | $25.00CR |
| Purchases & Debits | $0.00 |
| Cash Advances | $0.00 |
| Periodic FINANCE CHARGE | $14.55 |
| New Balance | $584.30 |

## Transaction Detail

| Trans Date | Post Date | Description | Amount |
|---|---|---|---|
| 11/7/05, | 11/7/05 | PAYMENT RECEIVED – THANK YOU | $ 25.00 PY |

## Finance Charge Summary

| | AVERAGE DAILY BALANCE* | MONTHLY PERIODIC RATE | CORRESPONDING ANNUAL PERCENTAGE RATE (APR) | PERIODIC FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $ 514.13 | 2.4991% | 29.99% | $ 12.84 |
| Cash Advances | $ 68.51 | 2.4991% | 29.99% | $ 1.71 |
| ANNUAL PERCENTAGE RATE 29.97% ** | | | Periodic Rates may vary    Number of days in billing cycle: 31 days | |

Grace Period:  To avoid an additional Finance Charge on Purchases, pay the entire New Balance by the Payment
Due Date.  Finance Charges accrue daily on Cash Advances until paid and will be billed on your next statement.
* For the Average Daily Balance calculation, see reverse side.
** Cash Advance Fees will cause the APR for Cash Advances to appear overstated.

## Cardholder Services Information

Payment Processing
P.O. Box 23007
Columbus, GA  31902-3007

Correspondence
P.O. Box 105555
Atlanta, GA  30348-5555

Dispute Resolution
P.O. Box 105374
Atlanta, GA  30348-5374

Account Inquiry 1(800) 348-8783          Fax Number (770) 206-6195
Aspire Visa E-mail Address customerservice@aspirecard.com

# FirstNational
BANK OF MARIN

VISA Account: 4071 9349 9223 6725

24/7 Online Account Access:

Send Inquiries To:

Customer Service: 877-825-3242

www.FNBMarin.com

FNBM P.O. BOX 98873  LAS VEGAS, NV 89193

| Statement Closing Date | Total Credit Line | Available For Purchases | Available For Cash | New Balance |
|---|---|---|---|---|
| 11/22/05 | $400.00 | $0.00 | $0.00 | $305.38 |

| Payment Due Date | Amount Over Credit Line | Amount Past Due | Amount Due This Period | Minimum Payment Due |
|---|---|---|---|---|
| 12/17/05 | $0.00 | + $0.00 | + $7.00 | = $7.00 |

**Activity Since Last Statement**

| Trans Date | Post Date | Reference Number | | Amount |
|---|---|---|---|---|
| 11/07 | 11/07 | | PAYMENT - THANK YOU   LAS VEGAS   NV | - 10.00 |
| 11/22 | 11/22 | 740719399RX2G6G2FPK   SERVICE CHARGE | CLOSED ACCT. MAINT FEE "FINANCE CHARGE" | 3.00 |
| | | "FINANCE CHARGE" | PURCHASES  $4.92 CASH ADVANCE  $0.00 | 4.92 |

YOUR ACCOUNT IS CURRENTLY CLOSED.

WE'RE PLEASED TO ANNOUNCE THAT FIRST NATIONAL BANK OF MARIN WILL SOON BE CREDIT ONE BANK. SHORTLY, YOU'LL BEGIN TO SEE OUR NEW NAME ON YOUR STATEMENTS, CORRESPONDENCE AND OUR WEBSITE. WE LOOK FORWARD TO SERVING YOUR NEEDS AS CREDIT ONE BANK.

| Account Summary | Previous Balance | (+) Purchases, Fees, Charges & Advances | (-) Payments & Credits | (+) FINANCE CHARGE Included In APR | (=) New Balance |
|---|---|---|---|---|---|
| | $307.46 | $0.00 | $10.00 | $7.92 | $305.38 |

Days This Billing Period:  31

| Rate Summary | Average Daily Balance | Monthly Periodic Rate | Corresponding APR | ANNUAL PERCENTAGE RATE (APR) |
|---|---|---|---|---|
| PURCHASES | $298.45 | 1.650% | 19.80% | 31.84% |
| CASH ADVANCES | $0.00 | 1.650% | 19.80% | 19.80% |

SEND PAYMENTS TO:  FNBM PO BOX 60015 LOS ANGELES CA 90060

Make check or money order payable in U.S. dollars on a U.S. bank to FNBM. Include account number on check or money order. No cash please.

Neighborhood Account: 2FC36488
Telephone Number: 302 994-0914

Statement Date: 11/17/05
Page 1 of 5

Customer Service: 🖳 www.mci.com/service    ☎ 1 888 624-5622

## The Neighborhood
### built by MCI

## Summary of Charges

| | |
|---|---|
| Previous Charges | $76.92 |
| Payments through 11/16/05 | $30.00 Cr |
| Long Distance Adjustments | $4.69 Cr |
| Balance Forward | $42.23 |
| Late Payment Charge @ 1.50% | $.63 |
| Current Charges | $52.76 |

| **Total Amount Due** | **$95.62** |
|---|---|

| | UPON RECEIPT |
|---|---|
| Past-Due Charges Due | |
| Current Charges Due | 12/12/05 |

**Please See Reverse For Important Account Information**

**REMINDER: A 1.50% late payment charge will apply to any
unpaid balance as of December 16, 2005 .**

Get $1 off your monthly bill!

With EasyPay with eAlert, your
monthly charges will be
automatically billed to your
credit card. You'll receive an
e-mail summarizing your bill with
a link to your interactive
statement! To sign-up, call
1-888-MCI-LOCAL or sign up
online at
www.mci.com/EasyPay.

✂ PLEASE FOLD BELOW AND DETACH. RETURN ONLY THE LOWER PORTION.

(comcast.

| ACCOUNT NUMBER | DATE DUE | TOTAL AMOUNT DUE |
|---|---|---|
| 09509 238731-06-6 | PAST DUE | $110.57 |

Visit us on the web at www.comcast.com

**How to reach us...**

How to reach us
Penn Mart Shopping Center
New Castle, DE 19720
(302)656-3370
Telephone Customer Service
24 hours a day, seven days a week

MR ROLAND ANDERSON

For service at:
113 LLOYD ST
WILMINGTON DE 19804-2821

**Summary of Charges**

Billed from 09/27/05 to 10/26/05

| | |
|---|---|
| Previous Balance | 101.95 |
| Payments  (includes payments received by 09/09/05) | 40.00 cr |
| Monthly Services | 47.45 |
| Taxes, Surcharges, & Fees | 1.17 |
| **Total Due** | **$110.57** |

Detail of Charges on back

---

Please detach and enclose this coupon with your payment.
Do not send cash. Make checks payable to:

COMCAST CABLEVISION

(comcast.
COMCAST CABLEVISION OF NEWCASTLE
4008 N DUPONT HWY
NEWCASTLE DE 19720-6320

**ADDRESS SERVICE REQUESTED**

AV 01  054006  347098186  A**5DGT
MR ROLAND ANDERSON
113 LLOYD ST
WILMINGTON DE   19804-2821

| Date Due | Total Amount Due |
|---|---|
| PAST DUE | $110.57 |

| 030-09-05-D-C | Account Number   09509 238731-06-6 |
|---|---|

| | AMOUNT ENCLOSED |
|---|---|
| | $ |

COMCAST CABLE
P O BOX 3005
SOUTHEASTERN PA
19398-3005

09509 238731 06 6    8    011057



**STATE FARM INSURANCE COMPANIES®**

STATE FARM PAYMENT PLAN

One State Farm Drive
Frederick MD 21709-1000

1004-2279-21        015353  6029-F651  S 08

ANDERSON, ROLAND
113 LLOYD ST
WILMINGTON DE  19804-2821

ST-K00006

## NOTICE OF PAYMENT DUE

| ACCOUNT NUMBER | 1004-2279-21 |
|---|---|
| Monthly Account | |

| DATE DUE | PLEASE PAY THIS AMOUN |
|---|---|
| JUN 20, 2005 | SEE NOTE |

| ** BILLING SUMMARY ** | |
|---|---|
| Last Amount Billed | $120.71 |
| Amount for Added Policy(s) | 35.58 |
| Last Amount Paid | |
| Payment 1  05-11-2005 | -35.00 |
| Payment 2  05-20-2005 | -120.71 |
| Difference | 0.58 |
| Current Installment | 150.29 |
| Policy Changes | -4.96 |
| Service Charge | 1.00 |
| Total Amount Due By JUN 20, 2005 | **$146.91** |

Changes completed after 6-03-05 will appear on
the next notice.

**NOTE: Pre-authorized payment of $146.91 wi
be entered JUN 20, 2005 through your bank.**

**Future notices will only be mailed if your
amount due changes. Please continue to
subtract this amount from your financial
records each month.**

### ** POLICIES ON ACCOUNT **

1989 SUZUKI
009 2440-D20-08B                    27.74

1983 LINCOLN
010 8014-A02-08A                    27.25

1999 DAEWOO
012 2044-C07-08                     30.58

1988 GMC
012 6186-E11-08                     30.58

1985 CHEVROLET -- ANNUAL
009 7529-A29-08B                    11.64

HOMEOWNERS
08-BX-9841-9                        22.50

CURRENT INSTALLMENT               $150.29

### ** CURRENT CHANGES **

1988 GMC
012 6186-E11-08                     -4.96
 Policy added to your account.
 Policy issued.
 Multiline discount added.
 Difference in premium from the effective
  date of the change to the current due date
  is included in the total amount due
  on this bill only.

1985 CHEVROLET
009 7529-A29-08B
 Change of vehicle.

TOTAL POLICY CHANGES              $-4.96

*Thanks for letting us serve you...*

Agent        **Brian Teti**



**STATE FARM INSURANCE COMPANIES**

State Farm Mutual Automobile Insurance Company

1500 State Farm Blvd
Charlottesville VA 22909

333F -6029  A

ANDERSON, ROLAND
113 LLOYD ST
WILMINGTON DE  19804-2821

ldullldulululltuulululdltuludltuullludllullltuulll

| **AUTO RENEWAL** | | |
|---|---|---|
| **POLICY NUMBER** | 10 8014-A02-08A | |
| JAN 02 2006 to JUL 02 2006 | | |
| **DATE DUE** | | **PLEASE PAY THIS AMOUN** |
| THIS IS NOT A BILL. | | |

| | **Coverages and Limits** | **Premiui** |
|---|---|---|
| A | Liability | |
| | Bodily Injury 25,000/50,000 | |
| | Property Damage 25,000 | |
| P | No-Fault 15,000/30,000 | 153. |
| H | Emergency Road Service | 1. |
| U | Uninsured Motor Vehicle | |
| | Bodily Injury 15,000/30,000 | |
| | Property Damage 10,000 | 11. |
| N1 | Property Protection | |
| | **Total Premium** | **$166.** |

*Your premium is based on the following . . .If not correct, contact your agent.*
1983 LINCOLN TOWN CAR          VIN  1LNBP96F4DY636198

**Class**  6A30601F

**Drivers of vehicle in your household...**
Principal driver is age 50 - 74 and there are no unmarried drivers
under 25 assigned to this car.

**Ordinary use of vehicle...**
Pleasure or not more than 30 miles weekly to and from work or school.
Driven 7,500 miles or less annually. (National average is 12,000 miles
annually.)

**Additional Information...**
Your policy is rated in territory 007.
Your State Farm Payment Plan number is 1004227921.

Your premium has already been adjusted
by the following:

**Premium Reductions**

| | |
|---|---|
| Multiple Line | 27.1 |
| Multicar | 43.8 |
| New Business | 17.0 |

IMPORTANT: It is important that you READ the enclosed explanation of SIGNIFICANT CHANGES TO YOUR POLICY.

The following list of drivers is shown for informational purposes only and does not extend or expand coverage beyond that
contained in this automobile policy.  Our records indicate the persons listed below are the only licensed drivers reported to us:

  ROLAND ANDERSON.

If the above information is inaccurate or incomplete, please contact your agent immediately to make corrections.

**You have our New Business Discount for preferred customers.**

*Thanks for letting us serve you...*

*Agent*   BRIAN TETI

📞 73 7986 2718

*See reverse side for important information.*
*Please keep this part for your record.*

**New Perspectives, Inc.**
**5307 Limestone Road**
**Suite 101**
**Wilmington, DE 19808**
**(302)489-0220**

**Bill To:**

Roland Anderson
113 Lloyd Street
Wilmington, DE 19805
Acc Num: CIG

**Bill as of :**    Nov 1, 2005

| Date | Transaction | CPT Code | Diagnosis | Session Charge | Total Owed |
|------|-------------|----------|-----------|----------------|------------|
| | Previous Balance | | | | $26.00 |
| 10/21/2005 | Individual Psychotherapy-BC/ | 90806 | 295.30 | $65.00 | $13.00 |
| | | | | $65.00 | $39.00 |

**Please Pay this Amount:**    $39.00

**Cynthia Wright, LPCMH,NCC, PC-0000172**
**Lic. Prof. Counselor**
**License Number: PC-0000172**
**Employer ID: 51-0374919**

**New Perspectives, Inc.**
**5307 Limestone Road**
**Suite 101**
**Wilmington, DE  19808**
**(302)489-0220**

**Bill To:**

Roland Anderson
113 Lloyd Street
Wilmington, DE  19805
Acc Num: CIG

**Bill as of :**     Dec 1, 2005

| Date | Transaction | CPT Code | Diagnosis | Session Charge | Total Owed |
|------|-------------|----------|-----------|----------------|------------|
| | Previous Balance | | | | $26.00 |
| 10/21/2005 | Individual Psychotherapy-BC/ | 90806 | 295.30 | $65.00 | $13.00 |
| 11/8/2005 | Individual Psychotherapy-BC/ | 90806 | 295.30 | $65.00 | $13.00 |
| 11/8/2005 | Payment | | | | ($20.00) |
| 11/29/2005 | Broken Appointment | 90899 | 295.30 | $50.00 | $50.00 |
| | | | | $180.00 | $82.00 |

**Please Pay this Amount:**     $82.00

Cynthia Wright, LPCMH,NCC, PC-0000172
Lic. Prof. Counselor
License Number: PC-0000172
Employer ID: 51-0374919

**delmarva power**

0110



| Amount Past Due |
| --- |
| $158.74 |

Place "X" in the box for address corrections.
Print corrections on reverse side.

**FILL IN AMOUNT PAID**

***AUTO**3-DIGIT 197
2638 8109 9992        W14        3D00572

$ [  ][  ][  ].[  ][  ]

ROLAND C ANDERSON
113 LLOYD ST
WILMINGTON DE 19804-2821

PO Box 17000
Wilmington DE 19886

Please return this portion with your payment
made payable to Delmarva Power.

lllllllllllllllllllllllllllllllllllllllllllll

032638810999900000000000000000010000420000000000000000000158749

--------------------------------------------------------------------------

2638 8109 9992            12/10/05

ROLAND C ANDERSON
113 LLOYD ST
WILMINGTON DE 19804

Our records indicate that your account has a past due
balance of $158.74.

It is important that you contact our Credit and
Collections Department at (800) 375-7117 (7am-7pm Mon -
Fri.) within ten (10) days to prevent further
collection action. Our representatives will be happy to
work with you to arrange payment.

If you have sent payment within the past few days, thank
you, and please disregard this reminder.

Thank you for your immediate attention to this matter.

Si necesita esta informacion en espanol por favor, llame
al departamento de credito a 1-800-375-7117 y pida
hablar con un representante en espanol. (Lunes - Viernes
7:00 am - 7:00 pm)

270.00
74

Payment Address

Delmarva Power
PO Box 17000
Wilmington DE 19886



| # | MEMBER NAME | TYPE | DUES | MEMBERSHIP # | EXPIRATION DATE |
|---|-------------|------|------|--------------|-----------------|
| 00 | ROLAND C ANDERSON | Plus/ | 121.00 | 438 212 7032250 004 | 01/01/2006 |
| 01 | RICHARD C ANDERSON | RV | 46.00 | | |

**FOR YOUR CONVENIENCE, RENEW YOUR AAA MEMBERSHIP BY CREDIT CARD TODAY!**

Please charge my ❑ Master Card  ❑ VISA
❑ American Express  ❑ Discover

| | | TOTAL | 167.00 |
|---|---|---|---|

Credit Card # _____ Expiration _____

❑ Yes, I authorize my renewal dues be charged each year to the above credit card.

E-mail address _____  Phone number (302) 994-0914

Pay on-line at **www.aaa.com**

❑ Has your address changed? Adding an Associate? Upgrading to Plus?
Please check here and indicate changes on reverse side.

CARDHOLDER'S SIGNATURE _____

001445 4309432 0001 0003521 0003521 0301 0
ROLAND C ANDERSON
113 LLOYD ST
WILMINGTON, DE  19804-2821

07032250016700016700202923O1777

---

-You may add associate members for $46.00 each.
(See reverse side for details)

↑ — Detach and return this portion with your payment. —
Make check payable to AAA MID-ATLANTIC.

Annual dues include one dollar for subscription to AAA World.

# Your AAA Membership Card.
### More Value. More Convenience. More Peace of Mind.

THIS IS NOT A CREDIT CARD

To add Associate Members, please fill out the form on the back of this statement.

Automatically renew your AAA membership by credit card each year. Save time, postage and the environment.

| |||| | ||||| | |||| | ||||

SIGN UP TODAY! Enter your e-mail address above if you would like to receive email updates on the latest news from AAA, including special member savings and benefit updates.

**Automotive Services**
Valuable Services Just for Members

**Travel Services**
Special Vacations Just for Members

**Insurance Services**
Exclusive Products Just for Members

**Financial Services**
Better Rates and Products Just for Members

**Show Your Card & Save®**
Great Discounts Just for Members

For information or to renew your membership, call us toll free at 866-636-2377 or visit us on the web at www.aaa.com



**STATE FARM INSURANCE COMPANIES**®

STATE FARM PAYMENT PLAN

One State Farm Drive
Frederick MD 21709-1000

1004-2279-21          013308   6029-F651      08

ANDERSON, ROLAND
113 LLOYD ST
WILMINGTON DE  19804-2821

IlllllIlIllIllIllllllllllllllIllllllllllIllllIlllIll

**NOTICE OF PAYMENT DUE**

| ACCOUNT NUMBER | 1004-2279-21 |
|---|---|
| Monthly Account | |

| DATE DUE | PLEASE PAY THIS AMOU |
|---|---|
| DEC 20, 2005 | SEE NOTE |

**** BILLING SUMMARY ****

| | |
|---|---|
| Last Amount Billed | $131.20 |
| Last Amount Paid NOV 20, 2005 | -131.20 |
| Difference | 0.00 |
| Current Installment | 129.95 |
| Service Charge | 1.00 |
| Total Amount Due By DEC 20, 2005 | **$130.95** |

Changes completed after 12-02-05 will appear c
the next notice.

**NOTE:  Pre-authorized payment of $130.95 wi
be entered DEC 20, 2005 through your bank.**

**Future notices will only be mailed if your
amount due changes. Please continue to
subtract this amount from your financial
records each month.**

**** POLICIES ON ACCOUNT ****

| | |
|---|---|
| 1989 SUZUKI 009 2440-D20-08B | 7.16 |
| 1983 LINCOLN 010 8014-A02-08A | 27.74 |
| 1999 DAEWOO 012 2044-C07-08 | 30.58 |
| 1988 GMC 012 6186-E11-08 | 30.58 |
| 1985 CHEVROLET -- ANNUAL 009 7529-A29-08B | 11.64 |
| HOMEOWNERS 08-BX-9841-9 | 22.25 |
| CURRENT INSTALLMENT | $129.95 |

**** CURRENT CHANGES ****

HOMEOWNERS
08-BX-9841-9
 Renewal premium changed.

*Thanks for letting us serve you...*

Agent       Brian Teti
Telephone        302-999-9984

Prepared Date  DEC 2 2005

Why is it possible for Roland C. Anderson to save up to **$397\*** more on Auto Insurance than many other drivers in Wilmington, Delaware?



**AARP** Automobile Insurance **Program** THE from HARTFORD

## What's special about you, ROLAND C. ANDERSON?

*It's simple:*
You're eligible to become an AARP member!

```
**********AUTO** 5-DIGIT 19804
Roland C. Anderson
113 Lloyd St.
Wilmington, DE  19804-2821
lulllılılılllımlılılllllılılılllılllllllll
```

## Call now for your **FREE RATE QUOTE: 1-800-555-3650**
## Or go online at **http://aarp.thehartford.com/mbs**

Dear Roland C. Anderson:

Great news — you are eligible to become an AARP member. If you were <u>NOT</u> eligible, then the following statement might be true ...

Getting your auto insurance from State Farm, Progressive, Geico, Allstate or other national or regional carriers is probably the best you can do.

Perhaps you're with one of those companies now. If you become a member of AARP, Roland C. Anderson, everything can change. Membership gives you access to the exclusive AARP Auto Insurance Program from The Hartford. That means...

You don't have to pay the same rates as everyone else. Would you like to see a quote that's hundreds of dollars less? Just request your FREE QUOTE right now and you'll get the exact dollar amount right over the phone: 1-800-555-3650.

I can tell you this: Members in Delaware who switch to this Program save an average of **$397 in the first year alone.** Can you believe it? And get this...

The coverage includes a unique package of benefits not available with any other policy. You could gain <u>valuable extra benefits</u> you don't even have right now. So it's not just the $397 savings, it's better coverage, too! For instance:

### <u>Does your present policy include an ACCIDENT FORGIVENESS Benefit?\*\*</u>

You'll have it now! Accident Forgiveness means, when you qualify, your first at-fault accident won't count against you — and won't raise your rate! Nobody's perfect — we believe members with a clean record are entitled to a first mistake.

56335

There's much more, Roland C. Anderson...

**Have this information handy when you call for your FREE QUOTE. It identifies you as being eligible for AARP membership.**
**Call Toll-Free  1-800-555-3650**

| **Roland C. Anderson** | CODE: |
| --- | --- |
| | **386355** |

\*average savings in your state. Savings amounts are based on information from The Hartford's AARP Auto Insurance Program customers who became new auto insurance policyholders with our Standard Plan between 1/1/04 and 12/31/04 and provided data regarding their savings. Your savings may vary.

You can choose to stop receiving "prescreened" offers of insurance from this and other companies by calling toll-free 888-567-8688. See <u>PRESCREEN & OPT-OUT NOTICE</u> on other side for more information about prescreened offers.

**Peoples Benefit Services, Inc.**
**Valley Forge, Pennsylvania 19493**

Forwarding Service Requested

Reflects payments through 12/06/05

0066  441  224
Roland Anderson
113 Lloyd St
Wilmington, DE 19804-2821

llullldulubllundululdlululudlulluulllulllulll

## THIS IS A BILL

### * * * BILLING SUMMARY * * *

| | | |
|---|---|---|
| Amount Due | $ | 39.80 |
| Credit on Account | | |
| Total Amount Due | $ | 39.80 |

**Please pay upon receipt**

To keep your coverage in force, please pay your premium by the due date.

| Policy/Membership Number | Insured Name | Type of Coverage | Payment Mode | Coverage From | Period To | Amount Due |
|---|---|---|---|---|---|---|
| 00GC-4ZPG | Roland Anderson | Dental Plan | Monthly | 10/18/05 | 11/17/05 | $9.95 |
| | | | | 11/18/05 | 12/17/05 | $9.95 |
| | | | | 12/18/05 | 01/17/06 | $9.95 |
| | | | | 01/18/06 | 02/17/06 | $9.95 |

*Your payment was not received before the end of the grace period and your coverage has lapsed.*

For Customer service inquiries call 1-(800) 667-6914. To start an Easy Payment Plan using your credit card or checking account, please see the back of this bill. General correspondence should be sent to Customer Service, PO Box 1343, Valley Forge, PA 19482-1343

A125440

A125440

RBJA.DAT

20051206

VER012

PN02/02

HSC466

·········· DETACH HERE ··········

### RETURN THIS PORTION WITH YOUR PAYMENT-PLEASE MAKE SURE OUR COMPANY ADDRESS APPEARS IN THE ENVELOPE WINDOW

Roland Anderson
113 Lloyd St
Wilmington, DE 19804-2821

Policy/Membership number(s):   00GC-4ZPG

AMOUNT ENCLOSED

**Amount Due:**

**$39.80**

**Make check payable to:**
Peoples Benefit Services, Inc.

### COMPLETE BELOW FOR CHANGE OF ADDRESS

Peoples Benefit Services, Inc.
P.O. BOX 830020
Baltimore, MD 21283-0020

10000050063337720201000000000000398009

## COMBINATION PROMISSORY NOTE AND FEDERAL DISCLOSURE STATEMENT

**THE CREDITOR MAKING THESE DISCLOSURES:**

| | |
|---|---|
| COMPANY NAME | #286 NOBLE FINANCE WILMINGTON, DE |
| ADDRESS | 537 WEST NEWPORT PIKE, UNIT 19 |
| CITY & STATE | WILMINGTON, DE 19804 |

**BORROWER(S)**

| | |
|---|---|
| NAME | ROLAND C. ANDERSON |
| ADDRESS | 113 LLOYD ST |
| CITY & STATE | WILMINGTON, DE 19804 |

COUNTY OF

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 216.68 % | $ 153.82 | $ 300.00 | $ 453.82 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| ACCOUNT NO. | DATE OF LOAN | FIRST PAYMENT | FINAL PAYMENT OF DUE DATE CONTRACTUAL MATURITY |
|---|---|---|---|
| 343-20 | 07/02/04 | 07/16/04 | 1/19/04 |

| PAYABLE IN | AMOUNT OF PAYMENTS | AMOUNT OF FINAL PAYMENT |
|---|---|---|
| 10 Bi-Weekly | $ 45.39 | $ 45.31 |

SECURITY: You are giving a security interest in:

- [ ] This Loan is Unsecured.
- [ ] your automobile   [ ] your collateral goods
- [X] the goods or property purchased   VCR-PIONEER/2ND COLOR 36IN TV-ZENITH/
- [X] other property;

LATE CHARGE: If you're more than 10 days late in paying any part of an installment, you promise to pay a late charge equal to 5% of that part of the installment.

PREPAYMENT: If you pay off early, you [ ] may [X] will not have to pay a penalty.
[X] may [ ] will not be entitled to a refund of part of the finance charge.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds, penalties, and security interests.

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| 1. | Total of Payments: | $ 453 |
| 2. | | $ 0.00 |
| 3. | | $ |
| 4. | | $ |
| 5. | Total Prepaid Charges (2 + 3 + 4) | $ 0.00 |
| 6. | Finance Charge | $ 153.82 |
| 7. | Total Finance Charges Paid to Creditor (5 + 6) | $ 15 |
| 8. | Amount Financed (1 - 7) | $ 30 |

Amount Paid To Others On Your Behalf

| | | |
|---|---|---|
| 9. | Ins. Prem.(s) To Insurance Co.(s) (See Insurance Disclosures) | $ 0.00 |
| 10. | | $ |
| 11. | | $ |
| 12. | | $ |
| 13. | Total Paid To Others On Your Behalf (Total 9 thru 12) | $ |
| 14. | Net To Borrower On Loan (8 - 13) | $ 30 |
| 15. | Bal. of Former Loan NONE | $ 0.00 |
| 16. | Less Refunds: AD&D 0.00 | |
| 17. | Life 0.00  Property 0.00 | |
| 18. | A&H 0.00  Fin. Chg 0.00 | $ 0.00 |
| 19. | Plus Late Charges Due | $ 0.00 |
| 20. | Balance of Former Loan (Less Ref. + L.C.) (15 - 16 +19) | $ |
| 21. | Amount Given To You Directly (14 - 20) | $ 3 |
| 22. | The Principal Amount of Loan For State (1 - 6) | $ 3 |
| 23. | The Agreed Rate of Interest is | 216.68 |
| 24. [X] | The Loan Finance Charge is Precomputed. | |
| 25. | The Loan Finance Charge is Not Precomputed. | |

X R. A

06 - 669

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Roland C. Anderson

## DEFENDANTS

General motors

**(b)** County of Residence of First Listed Plaintiff    N/C
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    N/C
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN    (Place an "X" in One Box Only)

Appeal to District
Judge from
Magistrate
Judgment

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN    COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)    IF ANY

(See instructions):    JUDGE

DOCKET NUMBER

DATE

Oct 2 -06

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

