In The United States District Court
for The District of Delaware

Roland C. Anderson, Plaintiff

V.

General Motors Corporation

Civil Action No. 06-669 JJF



FILED
FEB 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Motion to Repose

1. Answer to their paragraph 1. it was the Division of Industrial Affairs — stated this to me — I quote;

Dear charging party.

Parg. (3).
The principal purpose of obtaining this information is to complete the charge of Discrimination which will be verified by the charging party and served upon the Respondent. In some instances, — witness sworn statements may become relevant to determining the charge of Discrimination.

Parg. 1 — Also states please be advised that the information you have provided comes (  ) provisions of the privacy act of 1974 — public Law 93-579 (This charge was verified and complete by D.O.L.) See Parg. 3. for Discrimination see Ex A (Division of Industrial affairs — privacy act statement, Ex A.

PT. 2.

Parg. 2 – is correct.

Parg 3 – G.M is incorrect – of the (denies) a Remaining Allegations contained therein.

Parg. 4 Same As Above.

Parg 5, According of Division of Industrial Affair Statement and there own findings (quote)
"The principal of obtaining this information is TO <u>complete</u> the charge of Discrimination and Verified by the charging party and served upon the Respondent. See Ex H D.O.L. Letter Attach.

Parg. 6 Same As Above.

Parg. 7 – See Ex A. – Attach of D.O.L. Investigation which States – please be Advised that the information you have provided under the provisions of the Privacy Act – which entitles Parg. 3 for Discrimination – See Ex A. Letter D.O.L.

Parg. 8 Answer was <u>yes</u>. [illegible]

Parg 9. Answer to G.M – Allegation was Investigated and Again falls under D.O.L.} Letter to charging party, Ex A.
  Privacy Act Statement

Ex A



STATE OF DELAWARE DEPARTMENT OF LABOR
## DIVISION OF INDUSTRIAL AFFAIRS
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200/ FAX: (302) 761-6601

## *PRIVACY ACT STATEMENT*

Dear Charging Party:

1. Please be advised that the information you have provided comes under the provisions of the Privacy Act of 1974, Public Law 93-579.

2. The authority for requesting the personal information contained herein are provided in 42 U.S.C. 2000e(9), 29 U.S.C. 201, 29 U.S.C. 621; and 19 Del. C. § 712(c).

3. The principal purpose of obtaining this information is to complete the Charge of Discrimination which will be verified by the Charging Party and served upon the Respondent. In some instances, witnesses' sworn statements may become relevant to determining the Charge of Discrimination.

4. These forms are used to initiate and investigate the Charge of Discrimination under the laws and to impeach or substantiate a witness's testimony.

5. Completion of the Verified Charge of Discrimination form is mandatory to initiate and process a Charge of Discrimination. Providing additional information on the verification form is optional. Failure to provide additional information has no effect on Department of Labor's ability to file and process the Charge of Discrimination.

In which of, There Finding of parg 3 (D.O.L.) of Discrimination as well. See EXA.

Parg 9

How can G.M. Dine This Act, in which D.O.L. Had Done There own Investgation ang say The Information provided Comes under the provision of the Privacy Act. ĒXA

Parg 10

Agan See Above / The Same (D.O.L. own Investgation, with vonification of Docketments. (was given to D.O.L)

Pag 11.

I'am intiled To such Relief because of, The D.OL. Finings and G.M. List me as a Temporary Employee In which clearly was False Information given to D.O.L. This is Retalnation toward me. Surly this Has A Impack in my Life and union Bonifits.

Where fore Having fully Respon to G.M Answer - Agan P.OL States This come under privacy Act, and was in Favor for the complaintiff. Because the wrong G.M Had Done. This efect my Job - Status and Bonifits.

4

Finding of the D.O.L.
Attorneys fee and costs, and in connection of the
litigation and for any other Relief
Court deems Just and proper. ~~~ it was
was the D.O.L. Finding. After it was Investigated
By . Division of Industrial Affairs.

Answer to NOEE 1  Answer to these Affirmative and other Defenses

Your Honor this case was brought from the Investigation
of D.O.L. How can G.M Denied the D.O.L. - Findings, this
was the only Reason the complain was file. The Law
States you can't not file a charge unless you complete
Information to D.O.L. which clerly was stated From U.O.L.
fining that States, The Information you Have provided
come under the provision of privacy Act. including Pkg 3
of EX A. Also see it is Against the Law to Retalate. EXB

Answer 2
G.M. States That plaintiff . fail to state a claim
your Honor what G.M Did and the Fining of D.O.L cleorly
speaks for it self. it also has an empack on my Life and
union Benifits. — clearly Dave Bull EEOC clearly States
I was an Hourly employee. [NOT Temporary employee.]
cleorly in which is was false,   STAtement made By G.M.

5

O.M states. I can't not recovery because claim is Bark Failure to mitigate Allegion — Your Honor clearly I stated for Job-Back and Back pay. (and I can File A Rule 15. As of now) To Amen my complain.

Parg. 4 Answer to O.M

Case was Investigated By D.O.L. After information was given, By D.O.L. Request. see EXA.

Parg 5

O.M Further states complaint is Barred By whole or in part, by the statute of Limitation.

My Answer

This case was file within 180. and 300 days with D.O.L. and never was Refus to the Fact this case was Time Bar. In Fact D.O.L. Request Information befor there fing was completed.

§ 42 U.S.C -§ 2000(E) -5 (F(1)): Also see west v. Philadelphia 45. F. 3d 744, 754 (3d cir 1995),

Unter Delaware Law claimants who Have file with either with EEOC or the D.O.L my Assert the 300 day statue of Limitation. see

Aristol V. MBNA Am. Bank N.A. 146 F. Supp. 2d 476, 490 (P.O.D. 2001).

Filing a charge under this section, is to a Title VII
Action: West 45F. 3d At 754.
There is no dispute, case was file After the
Acknowledge of the wrong commit By G.M, Sept 8, 05
I fil(complain) within 300 days As well, on 12-19-05.

Also Back to parg 3 of G.m Answer.
Alleged I Have no Right to Recovery —

Answer — I Have the Right to Amend the Complaint
Federal Court Rule of civil procedure 15 permits A
Court to Freely grant A party Leave to Amend his
or Her pleading — "when Justice So Require" see§
Fed R. Civ. P. 15. As of this day I would Request to
Amend this Complaint, This is my notion, if it please
The Court. — I would Also Request Attorney to Assist
me further, if need be.

G.m/ Some or All of plaintiff is al
claim or BARRED. Inwhich is untrue because it was
File with 180-and 300.
The Law Also States
§ where defendant Has Actively mis lead the
B.O.L and the courts and the plaintiff —

7

The plaintiff cause of Action

See Smith Honie US, District of columbia, 155 F, 3d 575, 579 (Fed Cir. 1988)

1. In The Third Circuit There are Three principals circumstance enter which A statue of Limitation can be Equitably Tolled,

2. where the plaintiff in some extroidenoy way Has pervented from his or Her Rights or Assontuy.

3. where the plaintiff Has timely Has time Asserted He's or Her Rights,

Your Honor — it is so clear on it face defendant mislead and False information About my Seal-States At G.M. As A Temporary employee. is (venture). See

Also Reason — One Bull hotter, clearly states, I was and Hourly Employee, According to the Laws of the Third Circuit Court this claim is NOT BAR. and will Toll any Statue of Limitation. But clearly this claim was file within 180. day. See Information From EEOC. and Clock in on 12-19-05.

Also see — Oliver Vs. Lovin Fishburn Bodean, F Borman 38 F.3d 1380, 1387 (3d Cir, 1994 (citing 98th District of Allentown U.S. Marshall 65 F 2d 16, 19-20 (3d Cir. 1981),

(8)

<u>File within 180 days As Require</u>

Your Honor

This will show I file charges within 180 days As Require under D.O.L Statue of Limitation

Date I Receive Sept. 8, 2005 From EEOC, EEOC Charge Number 170-2005-01768

Quaker — I was listed As A Temporary Employee In which clearly is misleading — please Read Dave Bull, G.M EEOC Representative Affidavit To This Court, stating I was An Hourly worker, under the old-previous Bargaining Agreement. Sept. 8-2005 — To — 12-19-05 / and sign on 2-14-06 — well within 180 days. (All Attach) Along with Dave Bull Affidavit.

Your Honor I am not a lawyer and know some of the laws.

Your Honor I was told by EEOC to file suit within 90 days to protect my rights, if possible I would like my rights protected and request a lawyer to help me in this case. if nessary. This is my 1st amd motion to Amend.

§ "when Justice is so require" Fed R. Civ P. 15,

The Reason I file this case, it is interest of Justice

Because I was an Hourly employee on not Temporary.

Because Temporary don't Recive certain Benifits the union and management offers. This has Deeply Afected my Life and Benifits.

Also in § Forman V. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 1962), so therefore if it please the court in the Interest of Justice / and R. 15, I am Requesting A Lawyer to help me into / and with this case for further help. (If Nessary, your Honor on page 3 G.M. mention All of the claim alleged in this complaint. Plaintiff HAS NOT exhausted the Requisite Administrative procedures. with Respect to all of the claim set Forth in plaintiff's complaint, on pg. 3 para 6. your honor I try-try to neo-Reveal and was unseefall. But you if you would give A Order to Union & G.M, I would like to work this out According to the Requisite Administrative procedure as soon as possible, But before Request for A Lawyer.

10

Your Honor G.M
STATes plaintiff Has not exHaust the Requisite Administrative procedures with Respect to all of the claims set forth in plaintiff's Complaint.

Your Honor
I TRy and TRy Time After Time I would like to supena withness From G.M, who TRy & TRy to Requiste Administrative and union numbers, for Help to wo-Reveal; if it would please the Court I would like a order for the union and Administrative office To obey the procedure with respect to all of the claims set forth in my complaint. before your final order.

According to G.M STATement pg. 3 PARg. 6 plaintiff Has Not Exhausted the Requisite Administrative procedures with Respect to all of the claims set forth in plaintiff's Complaint.

Your Honor — if you could give this order to G.M/ union — Then I would like to TRy this before you give your order,   then I might need to need A Lawyer.

13

Certificate of Service

Two copys was served in U.S. on Feb, 19, 07
(mail mail)

TO:
Honorable Judge FARRAN
U.S. DIST. court

Michal G, Busenkell / Firm
300 Dolaware Avenue Suite 1210
Wili, Del, 19801

Thank you
Roland C. Anderson
113 Lloyd STR,
Wili, Del. 19804

Date - Feb, 19-07

12.





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

September 8, 2005

Roland Anderson
113 Lloyd Street
Wilmington, DE 19804

Re: Anderson v. General Motors
    EEOC Charge Number 170-2005-01768

Dear Mr. Anderson:

The information and evidence submitted by all parties regarding the above referenced charge has been reviewed. In order for the Commission to issue a determination that there is reasonable cause to believe that you were discriminated against, the record of evidence would have to support a conclusion that the Respondent took this into account in its actions. The information submitted by all parties does not indicate that there is a likelihood that continued investigation would result in obtaining evidence which would lead to a finding of a violation.

You allege that you were denied an application in March 2005, but learned approximately one month later, through various individuals, that Respondent filled some vacancies. You believe you were not given an application in retaliation for previous charge filing (170-1991-01375, 170-2000-01320, 17C-2004-00615 and 170-2003-00027), and because of your race, black and age, 52. In addition to these allegations, you believe you were denied benefits that you were entitled to because Respondent listed you as "terminated" and not "laid off" after working for Respondent previously.

Respondent agrees that you were an employee during the following periods: August 31, 1981, to September 21, 1981, and again from June 25, 1982 to October 1, 1982. According to the Collective Bargaining Agreement you did not reach a status of an employee, but remained listed as a temporary employee because:

> "...employees shall be regarded as temporary employees until their names have been placed on the seniority list." Further, "Employees may acquire seniority by working 90 days during a period of six continuous months in which event the employee's seniority will date back 90 days from the date seniority is acquired."

Since you did not work within a period of six continuous months, you did not qualify as an employee with seniority but listed as a temporary employee. Therefore you do not have access to any accumulated benefits.

Regarding your hiring issue, Respondent states that no workers have been hired at that site since October 1999, indicating that there were no job opportunities at the time of your inquiry in March 2005.

This is to inform you that it will be recommended that the EEOC dismiss the charge. If the charge is dismissed, the Commission will issue a decision stating that it is unable to conclude that the information obtained establishes a violation of the statute. The decision would not certify that the Respondent is in compliance with the statute. The Dismissal and Notice of Rights which will be sent to you will allow you to file a private suit, if you want to pursue this matter further.

Sincerely,

Dianna I. Schley
Federal Investigator

(20)

6+A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

**Delaware Department of Labor**

**ENTER CHARGE NUMBER**
- [ ] FEPA   0602009(W)
- [ ] EEOC   17CA000275

and EEOC (if applicable)

| | |
|---|---|
| **NAME** (Indicate Mr., Mrs., Ms) Roland Anderson | **HOME TELEPHONE NO.** (Include Area Code) (302) 994-0914 |
| **STREET ADDRESS** 113 Lloyd Street | **CITY, STATE AND ZIP CODE** Wilmington DE 19804   **COUNTY** NCC |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

| | | |
|---|---|---|
| **NAME** General Motors Corporation | **NO. OF EMPLOYEES OR MEMBERS** 100+ | **TELEPHONE NUMBER** (Incl. Area Code) (713) 780-8056 |
| **STREET ADDRESS** 1616 S. Voss, 10th Floor, Houston, TX 77057 ATT: Elmer C. Jackson, III, General Director, GM Employment Relations Center of Expertise | | |
| **NAME** | **TELEPHONE NUMBER** (Include Area Code) | |
| **STREET ADDRESS** | **CITY, STATE AND ZIP CODE** | |

- [ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] AGE
- [x] RETALIATION [ ] DISABILITY [ ] OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST  6/1/1982
LATEST    12/19/2005
[x] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s):

Jurisdiction: Charging Party was employed with Respondent as a Body Shop/Production Technician since 1982 in Wilmington, DE, ending 10/82.

Charging Party's protected class: Retaliation

Adverse employment action: Terms and Conditions; Benefits

Brief statement of allegations: Charging Party alleges that R retaliated against him because of negative statements made regarding his job status durir an EEOC investigation. Consequently, Charging Party claims that Respondent falsely stated that he was a temporary employee instead of a permaner employee which has affected his union benefits. Charging Party claims that he was laid off as an hourly employee and Respondent hired white workers without contacting him first. Thereafter, Charging Party filed a racial discrimination charge which resulted in false information given to EEOC about his j status as a temporary worker. Ultimately, Charging Party claims that this is further evidence that Respondent's information is a form of retalialtion becau it affect his current benefit status.

Respondent's explanation: Charging Party claims that Respondent has not given a reasonable explanation for placing him as a temporary worker after investigation, while he previous worked as a hourly worker under a previous agreement.

Applicable law(s): Title VII of the Civil Rights Act of 1964, as amended; DE Discrimination in Employment Act

Comparator(s) or other specific reason(s) for alleging discrimination: Charging Party claims that Respondent's information during an EEOC investigation has revealed further adverse action in the form of retaliation because the information has negatively affected his union benefit status. Charging Party claims that during a legal preceeding, Dave Boyle, Respondent's EEOC Representative gave an affadavit that Charging Party was an hourly worker and under agreement acquired certain seniority rights under the previous collective bargaining agreement..

Additional information and verification of these facts are provided by the attached Verification.

[x] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**SIGNATURE OF COMPLAINANT**
Roland C. Anderson    2-14-06

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

DDOL FORM B-05    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED
REV 01-05

*[handwritten annotations: "EX R", "Att R'd", "EX R", "prob I Have Sautory in. (chief. Complai about Recall"]*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )  C.A. No. 92-335-SLR<br>)<br>GENERAL MOTORS, BOXWOOD )<br>ROAD, WILMINGTON, DELAWARE )<br>19804, )<br>)<br>Defendant. ) | |

### AFFIDAVIT OF DAVID I. BULL

STATE OF DELAWARE    )
                     ) SS:
COUNTY OF NEW CASTLE )

On this 16th day of September 1992 personally appeared before me the undersigned Notary Public, David I. Bull, who did depose and say:

1. I am an employee of General Motors Corporation at its Boxwood Road plant, Wilmington, Delaware. I hold the position of supervisor, Equal Employment Opportunity and, as such, I have investigated the subject matter of the Complaint filed by Roland C. Anderson in the above-captioned civil action and the same matter when it was before the Equal Employment Opportunity Commission. I am authorized to make this Affidavit on behalf of Defendant, General Motors Corporation.

2. The records of General Motors show that Plaintiff was employed as an hourly worker from August 31 to September 21, 1981, when he was laid off. During this period of time, he acquired no seniority rights, because he was not

*[handwritten at bottom: "2", "Pg. T"]*

employed for 90 days, as required under the terms of the applicable Collective Bargaining Agreement. Plaintiff was rehired on June 25, 1982 and was again laid off in October 1982. Under the Agreement he acquired certain seniority rights, including a right to be recalled to employment, but these rights expired on a "time for time" basis. Having been employed for only four months, Plaintiff's right to be recalled, as well as any other seniority rights, expired four months after he was laid off, that is, by February 1983.

3. G.M. has not hired any permanent employees for manufacturing assembly work since 1987. During this period of time, all persons recalled to work were laid off employees who had seniority rights and a right to be recalled before persons without such rights were considered for employment. Telephone inquiries concerning employment opportunities have received the response, "We are not issuing applications nor do we expect any opportunities in the near future."

4. Separate and apart from the matter of recalling former employees with seniority rights, there was a brief period when applications for temporary summer employment were processed. On May 13, 1992, 31 temporary employees were hired, but, as it turned out, they only worked for two weeks before being laid off. This took place long after Plaintiff had filed his complaint with the E.E.O.C. on or about December 27, 1991. Former employees who still have seniority rights do not have a right to recall to temporary summer employment.

5. G.M. has no record of receipt of a job application by Plaintiff during 1991, or at any time after his seniority rights expired in 1983. Plaintiff alleged,

-2-

before the E.E.O.C., that he sought employment from G.M. on June 5 and November 4, 1991 and was told that G.M. "was not hiring". If Plaintiff made these contacts on the dates indicated, he is correct in stating the response he would have received; as stated above, G.M. was not considering or accepting applications for new employment at that time. The list of former employees with seniority rights had not been exhausted and the Collective Bargaining Agreement barred consideration of any person, such as Plaintiff, who had no seniority rights.

6. I was responsible for preparation and submission of G.M.'s response to Plaintiff's complaint as filed with the E.E.O.C. Attached is a copy of that response.

7. G.M.'s Wilmington plant was closed from Saturday, July 18 through Sunday, August 2, 1992. Plaintiff's complaint in this case was served on Defendant by ordinary mail. It appears to have been received during the time the plant was closed and there was no one on duty to give any attention to such mail. All of the mail received during the close down was processed following the reopening of the plant on Monday, August 3, 1992.

*David I. Bull*
David I. Bull

Sworn to and subscribed before me the day and year first above written.

*Constance L. McDonna-Martone*
Notary Public
My Commission Expires: Nov., 1993

-3-

*The U.S. Equal Employment Opportunity Commission*

# Retaliation

An employer may not fire, demote, harass or otherwise "retaliate" against an individual for filing a charge of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination. The same laws that prohibit discrimination based on race, color, sex, religion, national origin, age, and disability, as well as wage differences between men and women performing substantially equal work, also prohibit retaliation against individuals who oppose unlawful discrimination or participate in an employment discrimination proceeding.

In addition to the protections against retaliation that are included in all of the laws enforced by EEOC, the Americans with Disabilities Act (ADA) also protects individuals from coercion, intimidation, threat, harassment, or interference in their exercise of their own rights or their encouragement of someone else's exercise of rights granted by the ADA.

There are three main terms that are used to describe retaliation. Retaliation occurs when an employer, employment agency, or labor organization takes an **adverse action** against a **covered individual** because he or she engaged in a **protected activity**. These three terms are described below.

**Adverse Action**

An adverse action is an action taken to try to keep someone from opposing a discriminatory practice, or from participating in an employment discrimination proceeding. Examples of adverse actions include:

- employment actions such as termination, refusal to hire, and denial of promotion,
- other actions affecting employment such as threats, unjustified negative evaluations, unjustified negative references, or increased surveillance, and
- any other action such as an assault or unfounded civil or criminal charges that are likely to deter reasonable people from pursuing their rights.

Adverse actions do not include petty slights and annoyances, such as stray negative comments in an otherwise positive or neutral evaluation, "snubbing" a colleague, or negative comments that are justified by an employee's poor work performance or history.

Even if the prior protected activity alleged wrongdoing by a different employer, retaliatory adverse actions are unlawful. For example, it is unlawful for a worker's current employer to retaliate against him for pursuing an EEO charge against a former employer.

Of course, employees are not excused from continuing to perform their jobs or follow their

## Need more information?

The law:

- Title VII of the Civil Rights Act

The regulations:

- 29 C.F.R Part 1604.11

Enforcement guidances and policy documents:

- EEOC Compliance Manual, Section 8, Retaliation (May 20, 1998)
- EEOC Compliance Manual, Section 2, Threshold Issues (May 12, 2000)

## You may also be interested in:

- How to File a Charge of Employment Discrimination
- Mediation at EEOC
- Training and Outreach
- Information for Small Employers

